UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
CHARLES C. WILLIAMS,              :
     Plaintiff,                   :
                                  :
     v.                           :   Case No. 3:17cv2098(AWT)
                                  :
CITY OF HARTFORD, ET AL.          :
     Defendants.                  :
```

**INITIAL REVIEW ORDER**

On December 18, 2017, the plaintiff, Charles C. Williams, an inmate currently housed at Corrigan-Radgowski Correctional Institution in Uncasville, Connecticut, filed a complaint pro se pursuant to 42 U.S.C. § 1983 against the City of Hartford, Detective Cheryl Gogins of the Hartford Police Department, and Department of Correction ("DOC") Officer Nancy Quiros for violating his rights under the First, Fourth and Fourteenth Amendments to the United States Constitution and for intentional infliction of emotional distress. He seeks monetary, injunctive, and declaratory relief. The court granted his motion to proceed in forma pauperis. See Order No. 6. On July 9, 2018, the plaintiff filed a motion to amend his complaint and attached an amended complaint naming two additional defendants: Attorneys Nathalie Feola-Guerrieri and Rebecca M. Harris. Am. Compl. [Doc.#10-1]. The plaintiff is suing

all defendants in their individual and official capacities. The court grants the motion to amend the complaint and reviews the claims as stated in the amended complaint. However, the plaintiff's request to add Feola-Guerrieri and Harris as defendants is being denied.

## I.  Legal Standard

Pursuant to 28 U.S.C. § 1915A, this court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief.  Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007).  Conclusory allegations are not sufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic, 550 U.S. at 570. Nevertheless, it is well-established that "[p]ro se complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'"  Sykes v. Bank of Am., 723 F.3d 399, 403 (2d Cir. 2013) (quoting

Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006)).

## II. Factual Allegations

On May 17, 2015, the plaintiff filed a civil rights action against Gogins and the Hartford Police Department ("HPD") for false arrest, malicious prosecution, defamation, libel, and other claims stemming from his 2013 arrest for sexual assault and unlawful restraint. Am. Compl. ¶ 10; Williams v. Hartford Police Dept., No. 3:15-cv-933 (AWT). In 2016, the plaintiff discovered that Gogins and Quiros had tampered with his outgoing mail. Am. Compl. ¶¶ 14-16. Specifically, Quiros intercepted the plaintiff's mail and gave it to Gogins.[1] Id. at ¶ 19. One or both of them then forwarded the mail to the HPD. Id. at ¶ 16. Neither defendant had a warrant to search through the plaintiff's legal mail. Id. at ¶ 19. The mail with which the defendants had tampered contained legal correspondence, a yellow post-it note requesting legal research material, and a signed power of attorney form. Id. at ¶ 20. DOC staff "denied the plaintiff's rights to

---

[1] A printout of an e-mail exchange between Gogins and Quiros shows that Quiros alerted Gogins that the prison had intercepted a letter that the plaintiff tried mailing as legal mail and that Gogins subsequently requested information on how to obtain the letter. Williams v. Hartford Police Dept., No. 3:15-cv-933 [Doc.#244-5] at 268.

send mail to his family, friends, associates, and attorney about his issues . . . because they were fearful of what the plaintiff was communicating." Id. at ¶ 25.

The plaintiff alleges that he later discovered that Gogins had been "counseled" by Attorneys Feola-Guerrieri and Harris[2] and that she had forwarded copies of his mail to them. Am. Compl. ¶ 22. Thus, Feola-Guerrieri and Harris also possessed the plaintiff's legal mail without permission or justification. Id. None of the defendants ever made the plaintiff aware that his mail had been confiscated and that it had not reached its intended destination. Id. at ¶ 24.

The plaintiff contends that Gogins intercepted his legal mail in retaliation because he had filed multiple grievances against her in the past and Gogins had threatened to "get [him] for crying/filing complaints against her." Am. Compl. ¶ 26. He also contends that the interception was intended to sabotage his efforts in his case against the HPD and get that case dismissed. Id. at ¶¶ 27, 35.

---

[2] These defendants represent defendants in Williams v. Hartford Police Department, No. 3:15-cv-933 (AWT).

**III. <u>Analysis</u>**

The plaintiff claims that the interception of, and tampering with, his private legal mail violated his First Amendment right to free speech and Fourteenth Amendment right to due process. Am. Compl. ¶ 42, 51. He also claims that the tampering constituted retaliation and an unlawful search under the Fourth Amendment. <u>Id.</u> at ¶¶ 51-61. In addition to his constitutional claims, the plaintiff is raising state law claims for harassment and intentional infliction of emotional distress. <u>Id.</u> at ¶¶ 62-77.

A. <u>Claims Against the City of Hartford</u>

"Congress did not intend municipalities to be held liable [under § 1983] unless action pursuant to official municipal policy of some nature caused a constitutional tort." <u>Monell v. Dep't of Soc. Services of City of New York</u>, 436 U.S. 658, 691 (1978). To prevail on a claim against a municipality under section 1983 based on the actions of a public official, the plaintiff must prove: "(1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury." <u>Roe v. City of Waterbury</u>, 542 F.3d 31, 36 (2d Cir. 2008); <u>see also</u> <u>Miron v. Town of Stratford</u>, 881 F. Supp. 2d 280, 284 (D.

5

Conn. 2012) (to establish municipal liability, plaintiff must show that municipality violated federal right through municipal policy, custom, or practice or decision of municipal policymaker with final policymaking authority). A municipality cannot be held liable under § 1983 simply because one of its employees committed a tort. Roe, 542 F.3d at 36 (quoting Bd. of County Comm'rs v. Brown, 520 U.S. 397, 405 (1997)). The plaintiff must prove that the policy or custom at issue is "permanent and well-settled." Triano v. Town of Harrison, N.Y., 895 F. Supp. 2d 526, 532 (S.D.N.Y. 2012).

In this case, the plaintiff has not alleged facts showing that the actions of the individual defendants were the result of some unconstitutional policy of the City of Hartford. The plaintiff appears to be suing the City of Hartford simply because it employs Detective Gogins. Therefore, all claims against the City of Hartford are being dismissed for failure to state a claim.

B. Claims Against Feola-Guerrieri and Harris

The plaintiff seeks to add Attorneys Feola-Guerrieri and Harris as defendants to this action. Both attorneys represent the defendants in his case against the HPD. Williams v. Hartford Police Dept., No. 3:15-cv-933. Neither Feola-Gurerrieri nor Harris are state officials

subject to liability under § 1983.  See West v. Atkins, 487 U.S. 42, 49 (1988).  Although a private person can act "under color of" state law for purposes of § 1983 when he or she engages in a conspiracy with state officials to deprive another person of federal rights, see Tower v. Glover, 467 U.S. 914, 920 (1984), the plaintiff has not alleged any facts showing either attorney's personal involvement in mail tampering.  There are no factual allegations that the attorneys communicated with Quiros and instructed or requested that she intercept the plaintiff's mail.  The plaintiff's claim that the mail tampering was part of a conspiracy in which the attorneys were involved is entirely conclusory.  Moreover, "[c]ity attorneys acting in their official capacity in defense of civil suits are afforded absolute immunity against § 1983 actions seeking damages."  Zbryski v. Board of Trustees of New York Fire Dept. Pension Fund, No. 01-civ-4801 (RCC), 2004 WL 2238503, *6 (S.D.N.Y. Oct. 4, 2004).  Therefore, the court will not add Attorneys Feola-Guerrieri or Harris as defendants in this civil action.

C. <u>Claims for Damages Against Defendants in their Official Capacities</u>

To the extent the plaintiff is suing Quiros in her official capacity for monetary relief, such claims are barred by the Eleventh Amendment. <u>See</u> <u>Kentucky v. Graham</u>, 473 U.S. 159 (1985); <u>Quern v. Jordan</u>, 440 U.S. 332, 342 (1979). To the extent he is suing Gogins in her official capacity, he is seeking to bring a claim against the City of Hartford. Therefore, all claims against those defendants in their official capacities for damages are dismissed pursuant to 28 U.S.C. § 1915A(b)(2).

D. <u>Interference with Legal Mail</u>

The plaintiff first claims that the defendants violated his First Amendment right to free speech and Fourteenth Amendment right to due process by preventing him from using the prison mail system "to communicate with his family, friends, [and] associates to inform them of [his] issues." Am. Compl. ¶ 42. He argues that they stole his mail because they were fearful of what he was communicating to the recipients and wanted to sabotage his case against the HPD. <u>Id.</u> at ¶¶ 43-47.

"Interference with legal mail implicates a prison inmate's rights to access the courts and free speech as guaranteed by the First and Fourteenth Amendments to the

U.S. Constitution." Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003). To state a constitutional claim for interference with legal mail, the plaintiff "must allege that the defendant[s] took or w[ere] responsible for actions that hindered [his] efforts to pursue a legal claim." Id. (internal quotations omitted). He must show that the defendants (1) acted deliberately and maliciously and (2) caused him actual injury such as the dismissal of an otherwise meritorious legal claim. See id. (citing Cancel v. Goord, 00 Civ. 2042, 2001 WL 303713, *4 (S.D.N.Y. Mar. 29, 2001)).

This claim fails because the plaintiff has not shown that the alleged mail interception and tampering has caused him actual injury. He has not alleged how the interception of his mail led to the dismissal of an otherwise meritorious legal claim against any of the defendants in the underlying lawsuit. Therefore, the plaintiff's First and Fourteenth Amendment claims for interference with his legal mail are being dismissed.

E. First Amendment Retaliation Claim Against Gogins

The plaintiff alleges that the defendants' act of tampering with his legal mail constituted retaliation for his other case against Gogins and the HPD. "To prevail on a First Amendment retaliation claim, [the plaintiff] must

establish (1) that the speech or conduct at issue was protected, (2) that the defendant[s] took adverse action against [him], and (3) that there was a causal connection between the protected [conduct] and the adverse action." Holland v. Goord, 758 F.3d 215, 225 (2d Cir. 2014) (internal quotation marks omitted); Espinal v. Goord, 558 F.3d 119, 128 (2d Cir. 2009). "In the prison context, 'adverse action' is objectively defined as conduct 'that would deter a similarly situated individual of ordinary firmness from exercising . . . constitutional rights.'" O'Diah v. Cully, No. 3:08-cv-941, 2013 WL 1914434, *9 (N.D.N.Y. May 8, 2013) (quoting Davis, 320 F.3d at 353); see also Ramsey v. Goord, 661 F. Supp.2d 370, 399 (W.D.N.Y. 2009) (prisoners may be required to tolerate more than average citizens before alleged retaliatory action against them is considered adverse). In order to allege causation, the plaintiff must state facts "suggesting that the protected conduct was a substantial or motivating factor in the prison official's decision to take action against [him]." Moore v. Peters, 92 F. Supp.3d 109, 121 (W.D.N.Y. 2015) (quoting Burton v. Lynch, 664 F. Supp.2d 349, 367 (S.D.N.Y. 2009)). Some of the facts often used to determine retaliatory motive include (1) temporal proximity between the protected conduct and the alleged retaliatory

10

act, (2) the prisoner's good disciplinary record, (3) a finding of not guilty at the disciplinary hearing, and (4) statements by the official showing motivation.  Id.; O'Diah, 2013 WL 1914434, *10.

"Because claims of retaliation are easily fabricated, the courts consider such claims with skepticism and require that they be supported by specific facts; conclusory statements are not sufficient."  Riddick v. Arnone, No. 3:11-cv-631 (SRU), 2012 WL 2716355, *6 (D. Conn. Jul. 9, 2012); see also Dawes v. Walker, 239 F.3d 489, 491 (2d Cir. 2001) ("virtually any adverse action taken against a prisoner by a prison official – even those otherwise not rising to the level of a constitutional violation – can be characterized as a constitutionally proscribed retaliatory act").  "Accordingly, plaintiffs in retaliatory motive cases must plead 'specific and detailed factual allegations which amount to a persuasive case' or 'facts giving rise to a colorable suspicion of retaliation.'"  Moore, 92 F. Supp.3d at 120 (quoting Johnson v. Eggersdorf, 8 F. App'x 140, 144 (2d Cir. 2001)).

Construed liberally, the plaintiff has stated a plausible retaliation claim against Gogins for allegedly tampering with his legal mail after he filed a civil case against her and the HPD and several other grievances.  The

11

plaintiff alleges that Gogins threatened to "get [him] for crying/filing complaints against her."  Am. Compl. ¶ 26.  Although there are no facts showing that Gogins directed Quiros to confiscate the mail, the plaintiff does allege that one or both of those defendants forwarded the mail to the HPD, against whom the plaintiff was seeking damages for various constitutional violations.  See id. at ¶ 16.  While somewhat conclusory, the court construes these facts as stating a plausible retaliation claim against Gogins.  The plaintiff has not, however, stated any plausible retaliation claim against any of the other defendants.  Thus, his retaliation claim may only proceed against Gogins in her individual capacity for damages.

### F. Fourth Amendment Search and Seizure

The Second Circuit has held that "the interception of [an inmate's] prison correspondence does not violate that [inmate's] . . . Fourth Amendment rights if prison officials had good or reasonable cause to inspect the mail."  United States v. Felipe, 148 F.3d 101, 108 (2d Cir. 1998) (internal quotations omitted).  Reasonable cause may include the investigation of ongoing illegal inmate activity or the monitoring of an inmate's efforts to improperly influence a trial or disciplinary proceeding against him.  See United States v. Simmons, No. 13-cr-6025

12

(CJS), 2016 WL 285176, *26 (W.D.N.Y. Jan. 22, 2016) (citing United States v. Workman, 80 F.3d 688, 699 (2d Cir. 1996) and Acevedo v. Fischer, No. 12-civ-6866 (RA) (AJP), 2015 WL 7769486, *6 (S.D.N.Y. Dec. 2, 2015)).

In this case, the plaintiff has alleged that Quiros intercepted and forwarded his private legal mail to Gogins, and it may have been used as evidence in his civil case against the HPD.[3] Based on this allegation and the alleged communication between Quiros and Gogins, the court will permit the plaintiff's Fourth Amendment claim to proceed against Quiros in her individual and official capacities and Gogins in her individual capacity.

G. State Law Claims

In addition to his constitutional claims, the plaintiff asserts state law claims for harassment and intentional infliction of emotional distress against the defendants for confiscating and opening his private mail.

The court can exercise supplemental jurisdiction over a state law claim if:

> (1) there is a claim arising under the federal constitution or federal laws; (2) the relationship between the federal claim and the state claim

---

[3] The court has expressed concern over the interception of the plaintiff's legal mail in the case against the HPD. See Order on Pl.'s Mot. Re: Defs.' Continued Non-Compliance of Court Order, Williams, No. 3:15-cv-933, Order No. 278 at 11.

> permits the conclusion that the entire action comprises but one constitutional case; (3) the federal claim has substance sufficient to confer subject matter jurisdiction on the court; and (4) the state and federal claims derive from a common nucleus of operative fact.

Miller v. Lovett, 879 F.2d 1066, 1071 (2d Cir. 1989), abrogated on other grounds, Graham v. Connor, 490 U.S. 386 (1989). Because the harassment and emotional distress claims arise from the same set of facts as the retaliation and Fourth Amendment claims, the court can exercise supplemental jurisdiction over them. However, "Connecticut has not recognized a civil cause of action for harassment." Holt v. Safeco Insurance Company of America, No. FSTCV136017661S (DRT), 2016 WL 4744129, *7 (Conn. Super. Ct. Aug. 8, 2016) (internal quotations omitted). Therefore, the plaintiff's harassment claim should be dismissed.

Moreover, in order to prevail on a claim of intentional infliction of emotional distress under Connecticut law, the plaintiff must establish "(1) that the actor intended to inflict emotional distress; (2) that the conduct was extreme and outrageous; (3) that the . . . conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe." DeLaurentis v. New Haven, 220 Conn. 225, 266-67

(1991).  In this case, the plaintiff has not stated sufficient factual allegations to support a claim for intentional infliction of emotional distress.  There are no facts alleged that could support a finding that the defendants' conduct was extreme or outrageous or that it actually caused him severe emotional distress.

Therefore, the plaintiff's state law claims for harassment and intentional infliction of emotional distress are being dismissed.

**ORDERS**

(1)   The plaintiff's motion to amend the complaint [Doc.#10] is hereby GRANTED.  The Clerk is directed to docket the amended complaint [Doc.#10-1] as a separate entry.

(2)   The plaintiff's First Amendment retaliation claim may proceed against Gogins in her individual capacity for damages.  The Fourth Amendment claim may proceed against Gogins in her individual capacity for damages and against Quiros in her individual capacity for damages and in her official capacity for declaratory and injunctive relief. All other claims are dismissed.  The Clerk is directed to terminate the City of Hartford as a defendant in this action.  The plaintiff's request to add Attorneys Feola-Guerrieri and Harris as defendants is hereby DENIED.

15

(3) The Clerk shall prepare a summons form and send an official capacity service packet to the U.S. Marshal Service. The U.S. Marshal is directed to effect service of the amended complaint on Correctional Officer Nancy Quiros in her official capacity at the Office of the Attorney General, 55 Elm Street, Hartford, CT 06141, within **twenty-one (21) days** from the date of this Order and to file a return of service within **thirty (30) days** from the date of this Order.

(4) The Clerk shall verify the current work address for Correctional Officer Nancy Quiros with the DOC Office of Legal Affairs and mail a waiver of service of process request packet containing the amended complaint to her at the confirmed address within **twenty-one (21) days** of this Order. The Clerk shall mail a waiver of service of process request packet containing the amended complaint to Detective Cheryl Gogins, within **twenty-one (21) days** of this Order, at the Hartford Emergency Complex Building, 253 High Street, Hartford, CT 06013. The Clerk shall report to the court on the status of the waiver requests on the **thirty-fifth (35) day** after mailing. If either defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals

Service on her, and she shall be required to pay the costs of such service in accordance with Fed. R. Civ. P. 4(d).

(5) The defendants shall file their response to the amended complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the notice of lawsuit and waiver of service of summons forms are mailed to them. If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above. They may also include any and all additional defenses permitted by the Federal Rules.

(6) Discovery, pursuant to Fed. R. Civ. P. 26-37, shall be completed within **six months (180 days)** from the date of this Order. Discovery requests need not be filed with the court.

(7) All motions for summary judgment shall be filed within **seven months (210 days)** from the date of this Order.

**SO ORDERED** this 14th day of August, 2018 at Hartford, Connecticut.

                              /s/AWT
                         Alvin W. Thompson
                      United States District Judge