UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CHARLES C. WILLIAMS, | : | |
| *Plaintiff*, | : | |
| | : | |
| v. | : | No. 3:17-CV-2098 (KAD) |
| | : | |
| HARTFORD, et al. | : | |
| *Defendants*. | : | December 19, 2018 |

**MEMORANDUM OF DECISION RE: MOTION TO COMPEL (#s 47) AND**

**MOTION FOR SANCTIONS (# 59)**

**Statement of the Case**

On December 18, 2017, the plaintiff, Charles C. Williams, a prisoner in the custody of the Connecticut Department of Correction ("DOC"), filed a complaint *pro se* under 42 U.S.C. § 1983 against the city of Hartford, Hartford Police Detective Cheryl Gogins, and DOC Correction Officer Nancy Quiros. Compl. (DE#1). He filed an amended complaint on July 9, 2018. After initial review, the Court, *Thompson, J.*, permitted the case to proceed against Gogins and Quiros but dismissed the claim against the City of Hartford.

On November 5, 2018, the plaintiff filed the instant motion to compel discovery against the remaining two defendants. The discovery at issue consists of twenty-three requests for admissions and twenty-nine requests for the production of documents/interrogatories addressed to Gogins; *see* Notice to Court (DE#35); and twenty-eight requests for admissions and twenty-nine requests for the production of documents/interrogatories addressed to Quiros. *See* Notice to Court (DE#36). He filed both discovery requests with the Court on September 14, 2018. Defendant Gogins filed an objection to the motion on November 26, 2018, arguing that (1) insofar

as the plaintiff has not filed the signed waiver of service, his ability to conduct discovery has not commenced; (2) the discovery was never served, only filed; (3) the discovery was filed before she had appeared; and (4) the plaintiff never attempted to confer with counsel in good faith regarding the discovery requests. Defendant Quiros has not filed a response to the motion to compel.

The plaintiff filed a reply to the defendant Gogins on December 17, 2018 in which he points out that the Court ordered the U.S. Marshals to serve Gogins with a summons and a copy of the amended complaint because of his *in forma pauperis* status, and Gogins has responded to the amended complaint with a motion to dismiss. With respect to service of the discovery requests, the plaintiff contends that he properly mailed the requests directly to the defendants on September 10, 2018 and that he has made several phone calls and sent a letter to defense counsel, but defense counsel has not been receptive to his requests.

In addition to his reply, the plaintiff also filed a motion for sanctions against Quiros for retaliating against him by reclassifying his prisoner status and placing him in a sexual offender treatment program. For the reasons set forth below, both motions are DENIED.

**Discussion**

The defendant's procedural arguments are well placed and appear equally applicable to both motions. The motion to compel is therefore DENIED.

However, in an effort to progress the litigation towards an adjudication on the merits, the Court enters the following Orders.

The plaintiff shall file the signed Waiver of Service on or before January 15, 2019.

Although the parties disagree as to whether the discovery was sent and/or received, the Court notes that the discovery was filed by the plaintiff and is therefore available to the defendants. Rather than order the plaintiff to re-send the discovery, the Court directs the defendants to access the discovery at ECF #35 and #36. The defendants are further ordered to respond and/or object to the discovery on or before February 15, 2019. Thereafter, if disputes regarding the discovery persist, the parties are directed to comply with Rule 37 and Local Rule 37 in an effort to resolve those disputes.[1]

Under Rule 37, "a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a). The movant must first confer with opposing counsel in person or via telephone and discuss the discovery issues between them in order to arrive at a "mutually satisfactory resolution." Local Rule 37(a). In the event a resolution is not reached, the movant must attach an affidavit certifying that, despite a good faith effort, he was unable to resolve the discovery issue with opposing counsel. *Id.*

Local Rule 37(b) also requires that memoranda be filed by both sides before any discovery motion is heard by the Court. "Each memorandum shall contain a concise statement of the nature of the case and a specific verbatim listing of each of the items of

---

[1] Going forward, the plaintiff is reminded that discovery requests need not be filed with the Court except as attachments to the Rule 37(b) memorandum.

discovery sought or opposed, and immediately following each specification shall set forth the reason why the item should be allowed or disallowed." D. Conn. L. Civ. R. 37(b)(1). The movant must attach to his memorandum, as exhibits, copies of the discovery requests in dispute. *Id.* The plaintiff did not comply with the requirements of Rule 37 or Local Rule 37 prior to filing this motion to compel. Had he done so, he would have learned that the discovery was not received and he would have also been in a position to correct the deficiency arising out of his failure to file the signed Waiver of Service.

Finally, with respect to the motion for sanctions against Quiros, it is clear to the court that the plaintiff's motion is based on conduct outside the scope of this litigation. As such, the plaintiff's remedies do not lie herein. The motion for sanctions is DENIED.

**SO ORDERED.**

Dated this 19th day of December 2018 at Bridgeport, Connecticut.

                                                                                           _____
                                                                                           Kari A. Dooley
                                                                                           United States District Judge