UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CHARLES C. WILLIAMS, | : | |
| *Plaintiff*, | : | |
| | : | |
| v. | : | No. 3:17-CV-2098 (KAD) |
| | : | |
| HARTFORD, et al. | : | |
| *Defendants*. | : | December 19, 2018 |

**MEMORANDUM OF DECISION RE: MOTIONS TO DISMISS (DE#s 42, 45)**

**Preliminary Statement of the Case**

On December 18, 2017, the plaintiff, Charles C. Williams, a prisoner in the custody of the Connecticut Department of Correction ("DOC"), filed a complaint *pro se* under 42 U.S.C. § 1983 against the city of Hartford, Hartford Police Detective Cheryl Gogins, and DOC Correction Officer Nancy Quiros. He filed an amended complaint on July 9, 2018. After initial review, the Court, *Thompson, J.*, permitted the plaintiff's First Amendment retaliation claim to proceed against Gogins and his Fourth Amendment unreasonable search claim to proceed against Gogins and Quiros. Initial Review Order at 11-13. The Court dismissed the claim against the city of Hartford. *Id.* at 6.

On October 15 and 24, 2018, Gogins and Quiros filed separate motions to dismiss the claims against them under Federal Rule of Civil Procedure 12(b)(6). The plaintiff filed memoranda in opposition to both motions. For the following reasons, the Gogins Motion to Dismiss is GRANTED. The Quiros Motion to Dismiss is GRANTED in part.

**Standard of Review**

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when . . . [the] plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged." *Id.* The plausibility standard is not a probability requirement; the complaint must show, not merely allege, that the plaintiff is entitled to relief. *See id.*

"Although all allegations contained in the complaint are assumed to be true, this tenet is 'inapplicable to legal conclusions.'" *LaMagna v. Brown*, 474 F. App'x 788, 789 (2d Cir. 2012) (quoting *Ashcroft*, 556 U.S. at 678). *See also Amaker v. New York State Dept. of Corr. Servs.*, 435 F. App'x 52, 54 (2d Cir. 2011) (same). Accordingly, the Court is not "bound to accept conclusory allegations or legal conclusions masquerading as factual conclusions." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (quoting *Rolon v. Henneman*, 517 F.3d 140, 149 (2d Cir. 2008) (internal quotation marks omitted)). Consequently, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). This is true whether the plaintiff has counsel or appears pro se. *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010). However, "[w]here . . . the complaint was filed *pro se*, it must be construed liberally with 'special solicitude' and interpreted to raise the strongest claims that it suggests." *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013) (quoting *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011)).

**Allegations**

On May 17, 2015, the plaintiff filed a civil rights action against Gogins and the Hartford Police Department ("HPD") for false arrest, malicious prosecution, defamation, libel, and other claims stemming from his 2013 arrest for sexual assault and unlawful

restraint. *Williams v. Hartford Police Dept.*, No. 3:15-CV-933 (AWT). The Court, *Thompson, J.*, dismissed that case with prejudice after concluding that the plaintiff had attempted to defraud the Court by deliberately falsifying an exhibit and submitting sworn verifications in support of the false exhibit. *Williams*, No. 3:15-CV-933, Order No. 456.[1]

In 2016, while his first civil rights case was pending in this Court, the plaintiff alleges that Quiros intercepted some of his outgoing "legal" mail and e-mailed it as an attachment to Gogins. The plaintiff attached to his opposition memoranda a copy of the e-mail exchange between Quiros and Gogins.[2] In the e-mail, dated July 23, 2015, Quiros stated the following to Gogins:

> Not sure where the case is right now. But the facility intercepted a letter that I/M Williams tried sending out as legal mail. Please see attached. Please let me know if I should release the letter or hold it for evidence.

Gogins responded later that afternoon stating:

> Thank you for apprising me of this letter by above mentioned inmate.
>
> I will need to obtain the original letter for my files. Could you advise me how I can ascertain it[?] Is there paperwork that I need to complete or can the letter be [ob]tained otherwise[?]
>
> Please advise.

Neither defendant had a warrant to search through the plaintiff's legal mail. The intercepted mail contained legal correspondence, a yellow post-it note requesting legal research material, and a signed power of attorney form. It was intended for the plaintiff's "family, friends, associates, and attorney . . . ."

---

[1] The plaintiff has appealed Judge Thompson's dismissal order. His appeal remains pending in the Second Circuit Court of Appeals. *Williams v. Hartford Police Dept.*, No. 18-2465 (2d Cir. 2018).

[2] In ruling on a motion to dismiss, the Court may consider any documents incorporated by reference in the complaint. *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). Although the Plaintiff did not attach the email to the Amended Complaint. It was attached to the original complaint and is relied upon by all parties in their briefs.

The defendants kept copies of the letter but the other materials in the mail package were destroyed. According to the plaintiff, Gogins forwarded the letter to her attorneys in the pending civil rights case, Attorneys Nathalie Feola-Guerreri and Rebecca M. Harris. Those attorneys later filed the letter as an attachment to a motion in that case. The letter never reached its intended recipient, and the plaintiff did not become aware that it had been intercepted except through the proceedings in the previous case.

The plaintiff contends that Gogins unlawfully obtained his mail in violation of the 4th Amendment and used it in furtherance of her defense in *Williams*, No. 3:15-cv-933, as a form of retaliation for his exercise of his 1st Amendment rights. The Plaintiff had filed multiple grievances against her in the past and Gogins had threatened to "get [him] for crying/filing complaints against her."

**Discussion**

**The First Amendment Retaliation Claim**

Gogins first argues that the First Amendment claim should be dismissed as "conclusory" and because the plaintiff has failed to allege that she caused him actual injury. The plaintiff counters that Gogins "had no legitimate justification" for obtaining the mail "other than retaliation" and that the interception was clearly done in retaliation for the pending civil action against her.

"To prevail on a First Amendment retaliation claim, an inmate must establish (1) that the speech or conduct at issue was protected, (2) **that the [official] took adverse action against the inmate,** and (3) that there was a causal connection between the protected [speech] and the adverse action." (Emphasis added.) *Holland v. Goord*, 758 F.3d 215, 225 (2d Cir. 2014) (internal quotation marks omitted); *Espinal v. Goord*, 558

4

F.3d 119, 128 (2d Cir. 2009). "In the prison context, 'adverse action' is objectively defined as conduct 'that would deter a similarly situated individual of ordinary firmness from exercising . . . constitutional rights.'" *O'Diah v. Cully*, 08-CIV- 941, 2013 WL 1914434, at *9 (N.D.N.Y. May 8, 2013) (quoting *Davis v. Goord*, 320 F.3d 346, 353 (2d Cir. 2003)); *see alo Ramsey v. Goord*, 661 F. Supp. 2d 370, 399 (W.D.N.Y. 2009) (prisoners may be required to tolerate more than citizens before alleged retaliatory action against them is considered adverse). In order to allege causation, the inmate must state facts "suggesting that the protected conduct was a substantial or motivating factor in the prison official's decision to take action against [him]." *Moore v. Peters*, 92 F. Supp. 3d 109, 121 (W.D.N.Y. 2015) (quoting *Burton v. Lynch*, 664 F. Supp. 2d 349, 367 (S.D.N.Y. 2009)).

"Because claims of retaliation are easily fabricated, the courts consider such claims with skepticism and require that they be supported by specific facts; conclusory statements are not sufficient." *Riddick v. Arnone*, No. 3:11-CV-631 (SRU), 2012 WL 2716355, at *6 (D. Conn. Jul. 9, 2012).; *see also Dawes v. Walker*, 239 F.3d 489, 491 (2d Cir. 2001) ("virtually any adverse action taken against a prisoner by a prison official – even those otherwise not rising to the level of a constitutional violation – can be characterized as a constitutionally proscribed retaliatory act"), *overruled on other grounds*, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002). "Accordingly, plaintiffs in retaliatory motive cases must plead 'specific and detailed factual allegations which amount to a persuasive case' or 'facts giving rise to a colorable suspicion of retaliation.'" *Moore*, 92 F. Supp. 3d at 120 (quoting *Johnson v. Eggersdorf*, 8 F. App'x 140, 144 (2d Cir. 2001)).

Here, Gogins claims that the plaintiff cannot prevail on his retaliation claim because she was only a "passive recipient" of the intercepted mail and therefore her alleged actions did not cause the plaintiff any harm. Notwithstanding the conclusory allegations to the contrary, it is clear that Gogins did not steal, intercept, confiscate or otherwise interfere with the Plaintiff's mail at the facility. Nor is there any allegation that she directed such action or would have been able to direct such action. The Plaintiff's complaint is perfectly clear that the "adverse action" alleged is the theft or interception of his mail. Insofar as Gogins had no role in said adverse action, it is axiomatic that the plaintiff cannot prevail on this claim. "It is well settled . . . that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under [section] 1983." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (internal quotation marks omitted). Furthermore, as Gogins did not take the adverse action complained of, there is no basis upon which to ascribe her retaliatory motivation to the adverse action taken by others. Plaintiff's effort to save this claim with the conclusory allegation of a conspiracy is insufficient. The First Amendment retaliation claim is DISMISSED.

**The Fourth Amendment Claim**

With respect to the plaintiff's Fourth Amendment claim, both defendants argue that the plaintiff has failed to sufficiently allege their personal involvement in the illegal search and seizure. The plaintiff counters that the allegations show that Gogins viewed the private mail without a warrant and ultimately used it in furtherance of her defense to the pending civil action against her. As for Quiros, the plaintiff argues that the allegations show that she "approved, encouraged, and consented to Gogins' illegal

6

conduct . . . ." Furthermore, he argues that Quiros "illegally posted" a copy of his materials in her e-mail to Gogins.

The Fourth Amendment protects against unreasonable searches and seizures. *Katz v. United States*, 389 U.S. 347, 353 (1967). The Fourth Amendment protects a person's actual or subjective expectation of privacy when that expectation is one that society recognizes as reasonable. *Id.* at 361. Prisoners have limited, if any, reasonable expectations of privacy because of their confinement status. *See Hudson v. Palmer*, 468 U.S. 517, 524-30 (1984) (loss of privacy is inherent incidence of confinement). Generally. an inmate's limited expectation of privacy in his prison correspondence would yield to the legitimate penological interests of the prison facility. *See Dillhunt v. Theriault*, No. 9:07-CV-0412 (GTS/DEP), 2009 WL 4985477, at *10 (N.D.N.Y. Dec. 15, 2009). "[T]he interception of [an inmate's] prison correspondence does not violate that individual's . . . Fourth Amendment right[] if prison officials had 'good' or 'reasonable' cause to inspect the mail." *United States v. Felipe*, 148 F.3d 101, 108 (2d Cir. 1998); *see also United States v. Workman*, 80 F.3d 688, 699 (2d Cir. 1996); *Correa v. McLeod*, No. 3:17-CV-1059 (VLB), 2017 WL 2962884, at *2 (D. Conn. Jul. 11, 2017). Reasonable cause may include the investigation of ongoing illegal inmate activity or the monitoring of an inmate's efforts to improperly influence a trial or disciplinary proceeding against him. *See United States v. Simmons*, No. 13-CR-6025 (CJS), 2016 WL 285176, at *26 (W.D.N.Y. Jan. 22, 2016) (citing *Workman*, 80 F.3d 699 and *Acevedo v. Fischer*, No. 12-CIV-6866 (RA) (AJP), 2015 WL 7769486, at *6 (S.D.N.Y. Dec. 2, 2015)).

Irrespective of whether the interception of the plaintiff's mail violated his Fourth Amendment rights, both Gogins and Quiros aver that the plaintiff has failed to allege

their personal involvement in the purportedly illegal search and seizure. As noted above, "personal involvement of [the] defendants in [the] alleged constitutional deprivations is a prerequisite to an award of damages under [section] 1983." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (internal quotation marks omitted).

As to Quiros, the Court agrees that the allegations and the e-mail printout do not sufficiently state a Fourth Amendment claim. Notwithstanding the Plaintiff's conclusory allegations to the contrary, Quiros' e-mail to Gogins clearly states that other DOC officials, at the facility, intercepted the plaintiff's mail. It not disputed that Quiros does not work at the facility at which the Plaintiff is confined. There are insufficient factual allegations that Quiros was in any way involved in the theft or interception of the Plaintiff's mail. The Fourth Amendment claim for damages against Quiros in her individual capacity is DISMISSED.

As to Gogins, the Plaintiff's complaint is similarly devoid of adequate, non-conclusory allegations regarding Gogins involvement in the purported Fourth Amendment violation. Indeed, Gogins is one step further removed from the theft or interception of the Plaintiff's mail. After Quiros was made aware of the letter in question, she then advised Gogins by way of email. As discussed above, the Plaintiff's conclusory allegations notwithstanding, it is clear that Gogins was not party to or involved in the decision to intercept or steal the Plaintiff's mail.

The remaining question then is whether Gogins' receipt of the letter and subsequent use in the civil action, is sufficient to allege a Fourth Amendment violation. This court has identified no appellate precedent which addresses this question. However, given the well established requirement that the defendant be personally involved in the

8

constitutional deprivation, absent allegations, at the very least, that the recipient of an item obtained in violation of the Fourth Amendment was aware of that fact, liability for mere receipt and subsequent use of the item does not give rise to liability.  Here, the complaint does not allege sufficient facts to support the conclusory allegation that Gogins was aware of the Fourth Amendment violation.  Indeed, the email makes manifest that Gogins understood the seizure to have been administratively permissible and makes inquiry as to what proper procedure she should pursue in order to obtain the original of the seized letter.  The Fourth Amendment claim against Gogins is DISMISSED.

Quiros' motion does not, however, address the fact that the plaintiff also seeks injunctive relief against her, particularly the return of the original letter. that was confiscated and never reached its intended recipient.  A plaintiff need not show personal involvement in order to obtain injunctive or declaratory relief.[3]  *See Davidson v. Scully*, 148 F. Supp. 2d 249, 254 (S.D.N.Y. 2001).  It is not clear at this stage of the proceeding whether the original letter has been returned to the plaintiff or, if not, who has possession of it. The Court therefore permits the Fourth Amendment claim to proceed against Quiros in her official capacity for injunctive relief.  If the original letter is located and returned to the Plaintiff, this claim may be dismissed as moot and the parties should so notify the court.

The First Amendment claim against Gogins is DISMISSED.  The Fourth Amendment claims against Gogins and Quiros in their individual capacities are

---

[3] After review of the amended complaint, the Court now concludes that the plaintiff's request for a declaration that the defendants "violated [his] rights under the United States Constitution and [l]aws of the United States" is unwarranted because it concerns only past conduct.  *See Ward v. Thomas*, 207 F.3d 114, 119-20 (2d Cir. 2000) (Eleventh Amendment bars declaration that state violated federal law in the past).  Therefore, the request for declaratory relief is dismissed.

DISMISSED. The Fourth Amendment claim against Quiros in her official capacity and for injunctive relief shall proceed. The Clerk is directed to terminate Gogins as a defendant and to terminate Quiros as a defendant in her individual capacity.

**SO ORDERED.**

Dated this 2nd day of January 2019 at Bridgeport, Connecticut.

_/s/_____
Kari A. Dooley