## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CHARLES C. WILLIAMS, | : | |
| *Plaintiff*, | : | |
| | : | |
| v. | : | No. 3:17-CV-2098 (KAD) |
| | : | |
| HARTFORD, et al. | : | |
| *Defendants*. | : | February 1, 2019 |

## MEMORANDUM OF DECISION RE:
## MOTION FOR RECONSIDERATION (DE#69)

### Preliminary Statement of the Case

On December 18, 2017, the plaintiff, Charles C. Williams, a prisoner in the

custody of the Connecticut Department of Correction ("DOC"), filed a complaint *pro se*

under 42 U.S.C. § 1983 against the city of Hartford, Hartford Police Detective Cheryl

Gogins, and DOC Correction Officer Nancy Quiros. He filed an amended complaint on

July 9, 2018. After initial review, the Court, *Thompson, J.*, permitted the plaintiff's First

Amendment retaliation claim to proceed against Gogins and his Fourth Amendment

unreasonable search claim to proceed against Gogins and Quiros. The Court dismissed

the claim against the city of Hartford.

On October 15 and 24, 2018, Gogins and Quiros filed separate motions to dismiss

the claims against them under Federal Rule of Civil Procedure 12(b)(6). This Court

granted the motions to dismiss the claims for damages against both defendants,

concluding that the plaintiff had failed to sufficiently allege their personal involvement in

the constitutional deprivations. Mem. of Decision Re: Mots. To Dismiss ("Mem. of

Decision") (DE#63) at 5, 8-9. Thereafter, the plaintiff filed the instant motion for

reconsideration of the Court's dismissal order. Quiros countered with a written

opposition to the plaintiff's motion. For the following reasons, the motion for reconsideration is GRANTED but the requested relief is DENIED except as set forth herein.

### Standard of Review

Motions for reconsideration "will generally be denied unless the movant can point to controlling decisions or data that the [C]ourt overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the [C]ourt." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also* D. Conn. Local Rule 7(c); *Sonberg v. Niagara County Jail*, No. 08-CV-364 (JTC), 2013 WL 2468691, at *3 (W.D.N.Y. Jun. 7, 2013) (reconsideration generally granted only upon showing of exceptional circumstances). "[G]ranting a motion for reconsideration is only justified if there is an intervening change in controlling law, newly discovered evidence, or the need to correct clear error or prevent manifest injustice." *U.S. v. Marte*, No. 3:08-CR-00004 (JCH), 2015 WL 851843, at *1 (D. Conn. Feb. 26, 2015) (citing *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). The movant may also be entitled to reconsideration if he can show that the court overlooked material facts. *Id.* (citing *Eisemann v. Greene*, 204 F.3d 393, 395 n.2 (2d Cir. 2000)). Reconsideration is not appropriate, however, when the movant seeks to relitigate the same issues or present the case under a new legal theory. *See Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998); *see also Horsehead Resource Development Co., Inc. v. B.U.S. Environmental Services, Inc.*, 928 F. Supp. 287, 289 (S.D.N.Y. 1996) ("[A] motion for reconsideration may not be used to plug gaps in an original argument . . . or to argue in the alternative

once a decision has been made") (citations omitted) (internal quotations omitted). These requirements apply equally to *pro se* litigants. *Sonberg*, 2013 WL 2468691, at *3.

**Allegations**

For purposes of this ruling, this Court incorporates the factual allegations as stated in its memorandum of decision on the motions to dismiss and does not include them herein.

**Discussion**

The plaintiff first argues that, in dismissing his constitutional claims, the Court erred by failing to construe his allegations liberally in accordance with well-established Second Circuit jurisprudence. He is wrong. The Court specifically recognized that "[w]here . . . [a] complaint was filed *pro se*, it must be construed liberally with 'special solicitude' and interpreted to raise the strongest claims that it suggests." Mem. of Decision at 2 (quoting *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013)). The Court's decision resulted from the Plaintiff's failure to make necessary allegations, not a misconstruing of the allegations that he did make. *See* Mem. of Decision at 6, 8-9.

**The First Amendment Retaliation Claim**

The Court dismissed the plaintiff's First Amendment retaliation claim against Gogins because the complaint, read as whole, did not include allegations demonstrating that she had stolen, intercepted, confiscated or otherwise interfered with the plaintiff's mail. Mem. of Decision at 6. There were no allegations that Gogins directed any DOC official to steal or improperly take possession of the plaintiff's mail. *Id.* Thus, the complaint did not adequately demonstrate that Gogins had any personal involvement in the alleged retaliatory adverse action. In fact, the email relied upon by the Plaintiff

demonstrated the contrary – that she did not.  As the Court noted, "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under [section] 1983."  Mem. of Decision at 6 (quoting *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994)).  The Court sees no reason to revisit the issue and the plaintiff has not identified any controlling law or facts which the court overlooked.  The motion for reconsideration as to the First Amendment claim is denied.[1]

### The Fourth Amendment Claim

Similarly, the Court dismissed the Fourth Amendment claim against both defendants because the plaintiff failed to allege facts showing that either of them were personally involved in the alleged constitutional violation.  Mem. of Decision at 8.

In his motion for reconsideration, the plaintiff repeats his contention that neither defendant had the legal authority to read his private mail.  Mot. for Recons. at 9-11. However, his motion does not explain the absence of any facts showing Gogins' and Quiros' personal involvement in the alleged search, nor does it present any overlooked authority on the issue of whether third-party recipients of improperly confiscated material are personally liable for violating a prisoner's Fourth Amendment rights. The motion for reconsideration as to the Fourth Amendment claim is denied.

### Claim for Injunctive Relief

Although the Court dismissed the constitutional claims for damages, it permitted the plaintiff's claim for injunctive relief to proceed against the defendants because a

---

[1] Alternatively, relying on *Davis v. Kelly*, 160 F.3d 917, 921 (2d Cir. 1998), the plaintiff contends that the Court should direct the defendants to identify those DOC officials responsible for stealing or confiscating his private mail.  In *Kelly,* the Second Circuit recognized "the appropriateness of maintaining supervisory personnel as defendants in lawsuits stating a colorable claim until the plaintiff has been afforded an opportunity through at least brief discovery to identify the subordinate officials who have personal liability."  However, Gogins is not even a DOC official, let alone a supervisory DOC official, and there are no allegations that she directed any DOC official in the plaintiff's facility to tamper with his mail.

showing of personal involvement is not necessary to obtain injunctive or declaratory relief. Mem. of Decision at 9 (citing *Davidson v. Scully*, 148 F. Supp. 2d 249, 254 (S.D.N.Y. 2001)). The injunctive relief sought was the return of the personal letter that was confiscated amongst the intercepted mail package. According to a letter dated January 14, 2019,[2] the defendants have since returned the intercepted letter to the plaintiff, and therefore, they are now requesting that the claim for injunctive relief be dismissed.

On January 29, 2019, the plaintiff filed a notice with the Court stating that the defendants have not returned all contents of the intercepted mail package. According to the plaintiff, the defendants have not returned the signed power of attorney form, the yellow post-it note requesting legal research with attached legal documents, or the original letter in its entirety. He further contends that the letter which the defendants returned to him is missing pages. However, in his amended complaint, the plaintiff stated that the power of attorney form and the legal research material were destroyed and that the defendants only kept the personal letter. "A judicial admission is a formal concession in the pleadings or stipulations by a party or counsel that is binding on the party making them. . . . [I]t has the effect of withdrawing a fact from contention." *Martinez v. Bally's La., Inc.*, 244 F.3d 474, 476 (5th Cir. 2001). *Accord, Hoodho v. Holder,* 558 F.3d 184, 191(2d Cir. 2009). Thus, only the letter remains an issue.

The Court has an electronic copy which was filed as an exhibit in the plaintiff's other civil action, *Williams*, No. 3:15-CV-933, Defs.' Ex. X (DE#244-5 at 267-78). In an effort to resolve this issue, the Court will direct the clerk to mail the Court's copy of the

---

[2] The letter, which Quiros attached as an exhibit to his opposition, is actually dated "January 14, 2018." The Court presumes that this was a typographical error.

letter to both parties and direct defendant Quiros in her official capacity (or the DOC) to file a certified declaration indicating whether the Court's copy differs from what the DOC had in its possession and provided to the plaintiff on January 14, 2019. Quiros should also inform the Court whether the DOC has any other materials from the intercepted mail package in its possession that have not been returned to the plaintiff. If Quiros certifies that she has returned all pages of the letter that the DOC had in its possession, then the Court will dismiss the remaining claim as moot.

**Orders**

(1) The motion for reconsideration (DE#69) is DENIED except as set forth below.

(2) The clerk is directed to mail one copy of the plaintiff's personal letter, which can be found in Docket Entry Number 244-5, pages 267-78, in *Williams v. Hartford Police Dept.*, No. 3:15-CV-933 (AWT), to the plaintiff at his current address and to counsel for defendant Quiros, Attorney Robert B. Fiske, III.

(3) Within fourteen (14) days after the clerk mails the letter, defendant Quiros shall file a certified declaration with the Court indicating whether (1) the letter matches that which the defendant provided to the plaintiff on January 14, 2019 and (2) the DOC has any other materials in its possession related to the intercepted mail package referenced in the July 23, 2015 e-mail.

**SO ORDERED.**

Dated this 1st day of February, 2019 at Bridgeport, Connecticut.

_____/s/_____
Kari A. Dooley
United States District Judge